UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-141-GWU

JERRY SIZEMORE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Jerry Sizemore brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

09-141  Jerry Sizemore

    3.    The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

    4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

    5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

09-141 Jerry Sizemore

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

09-141 Jerry Sizemore

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

09-141  Jerry Sizemore

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sizemore, a 49-year-old former truck driver, construction worker/general laborer, stocker, and auto washer with a "limited" education, suffered from impairments related to borderline intelligence, an affective disorder, degenerative disc disease of the lumbar spine, and obesity. (Tr. 356, 362-363). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 361-362). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 363-364). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 363).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security Benefits. Therefore, the court must grant the plaintiff's summary judgment motion,

09-141 Jerry Sizemore

in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Joyce Forrest included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to stand or walk for more than six hours a day; (2) an inability to sit for more than six hours a day; (3) an inability to more than frequently push, pull or use foot controls with the right lower extremity; (4) an inability to more than occasionally climb stairs or ramps, stoop, kneel and crouch; (5) an inability to ever climb ladders or ropes and crawl; (6) a need to avoid concentrated exposure to full body vibration and hazards such as unprotected heights or dangerous machinery; (7) a limitation to performing simple repetitive tasks in two-hour segments over an eight-hour day; and (8) a limitation to jobs in object-focused work environments requiring little public contact with the ability to deal with routine changes in such an environment. (Tr. 479). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 479-480). The ALJ relied upon this information to support the administrative decision.

The hypothetical question fairly characterized Sizemore's physical condition. Dr. Barry Burchett, an examining consultant, indicated that the plaintiff would be limited in performing prolonged sitting or ambulation and have difficulty with

repeated bending. (Tr. 435). The physical factors of the hypothetical question were consistent with this opinion. This opinion offsets that of Dr. Robert Hoskins, another examiner who identified some.what more severe physical restrictions. (Tr. 185). The question was also consistent with the opinions of Dr. Allen Dawson (Tr. 259-267) and Dr. David Swan (Tr. 438-446), the non-examining medical reviewers. Adam High, the claimant's treating chiropractor, identified the existence of very severe physical restrictions. (Tr. 294). The ALJ rejected this opinion because under the federal regulations at 20 C.F.R. § 404.1513, a chiropractor is not an "acceptable medical source" whose opinion is binding on the administration. (Tr. 362). Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997). Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

The ALJ erred in evaluating Sizemore's mental condition. The plaintiff was examined by psychologists Kenneth Starkey (Tr. 201-208) and Crystal Sahner (Tr. 447-453) during the processing of his disability claim. The ALJ rejected the very severe mental restrictions imposed by Sahner and purported to rely upon the opinion of Starkey. (Tr. 362). Since the examiners were equally-placed, this action was appropriate.

Starkey identified more severe mental limitations than those found by the ALJ. Among the mental limitations reported by the examiner was a "marginal to

09-141  Jerry Sizemore

poor" ability to tolerate the stresses and pressures of work activity. (Tr. 207). This significant restriction was not presented to the vocational expert in the hypothetical question. Psychologist Jane Brake, a non-examining medical reviewer, indicated that this limitation was inconsistent with the preponderance of the evidence concerning the claimant's mental condition. (Tr. 211). The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). An ALJ may rely upon the opinion of a non-examiner over that of a examining source when the non-examiner clearly states the reasons for their differing opinion. Barker v. Shalala, 40 F.3d 789 794 (6th Cir. 1994). In the present action, Brake stated that the restriction was not supported by the bulk of the evidence. However, Brake reviewed the record in April of 2006. (Id.). She did not see the later evidence obtained from Sahner, who examined Sizemore in February of 2008 (Tr. 447) or the information from Cumberland River Comprehensive Care Center (Tr. 268-293), the plaintiff's treating source. Sahner indicated that the claimant would have an "extreme" restriction in tolerating work stresses. (Tr. 453). Roberta Tackett, a nurse-practitioner at Cumberland River, indicated in March of 2007 that Sizemore would have a "poor or none" ability to deal with work stress. (Tr. 281). Even if these opinions were not fully binding, they buttress the opinion of Starkey on this issue since every mental health source who saw the plaintiff

09-141  Jerry Sizemore

indicated greater limitation in this area than the non-examiner.  Thus, these opinions, which Brake did not see, clearly contradict her.  The ALJ should at least have sought the advice of a medical advisor who had reviewed the entire record.  Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the case remanded to the Commissioner for further consideration of Sizemore's mental status.  Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of February, 2010.

Signed By:
G. Wix Unthank
United States Senior Judge